PINILISHALPERN, LLP
William J. Pinilis (024721992)
160 Morris Street
Morristown, NJ  07960
Tel: (973) 401-1111/Fax: (973) 401-1114
Attorney for Plaintiff
File No.:  12218

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIFFANY TOTH GRAY, IRINA VORONINA, | Civil Action No.: |
| Plaintiffs, | COMPLAINT AND JURY DEMAND FOR: |
| v. | |
| STRIP CLUB OWNERS DOING BUSINESS AS DELILAH'S DEN OF TOMS RIVER, 1640 LAKEWOOD ROAD ASSOCIATES, INC. t/a DELILAH'S DEN, | (1) Misappropriation of Likeness; (2) Unfair Competition, 15 U.S.C. § 1125(a); (3) Unfair Competition, N.J.S.A. 56:4-1; and, (4) Unfair Competition. |
| Defendants. | |

Plaintiffs Tiffany Toth Gray, Irina Voronina ("Plaintiffs") set forth and

allege as follows:

**INTRODUCTION**

A.     **PLAINTIFFS**

1.     Plaintiff Tiffany Toth Gray ("Gray") is, and at all times relevant to

this action was, a professional model and actress, and a resident of California

1

2.     Plaintiff Irina Voronina ("Voronina") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

**B.     Defendants**

3.     Upon information and belief, Delilah's Den of Toms River ("Delilah's Toms River"), is a strip club, located at 1640 U.S. 9, Toms River, New Jersey 08755. In a prior pleading Delilah's Toms River asserted that 1640 Lakewood Road Associates, Inc. trades as Delilah's Den. Thus, all are included as Defendants in this matter (Delilah's Den Toms River and 1640 Lakewood Road Associates, Inc. are collectively referred to as "Defendants").

4.     Upon information and belief, Defendants owns and/or operate (or owned and/or operated) various social media accounts, including Facebook (https://www.facebook.com/Delilahs-Den-of-Toms-River-550833495020774/), Instagram (https://www.instagram.com/explore/locations/406266930/delilahs-den-of-toms-river), Twitter (https://twitter.com/delilahs_den_tr?lang=en), and its website (http://www.delilahsnj.com/) through which it promotes its business, solicits customers, and advertises events for Defendants.

5.     Upon information and belief, Defendants has, and at all times mentioned herein had, control over the content of its website and social media accounts.

## JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of 15 U.S.C. §1125, et seq. (the Lanham Act).

7.     Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendants are located in this judicial district.

## FACTUAL BACKGROUND

8.     Each Plaintiff is a professional model and actress who earns a living by commercializing her identity, image, and likeness through negotiated, arms-length transactions with reputable commercial brands and companies.

9.     A model's reputation directly impacts the commercial value associated with the use of her image, likeness, or identity to promote a product or service.

10.    Each Plaintiff expended and continues to expend substantial efforts, resources, and time in building her reputation in the modeling industry.

11.    Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of her image or likeness.

12.    Each Plaintiff's career in modeling, acting, and/or private enterprise has substantial value derived from the goodwill and reputation each has built.

Each Plaintiff commands substantial sums of money for the licensed commercial use of her image.

13.    As set forth herein, Defendants have brazenly and repeatedly, without consent, misappropriated Plaintiffs' images and likenesses and used them in its advertisements for its strip club and commercial gain.

14.    The following are Defendants' respective unauthorized uses of Plaintiffs' respective images identified so far. Upon information and belief, there are additional unauthorized uses by the Defendants of the Plaintiffs' images not yet identified by Plaintiffs.

| Plaintiff | Initial Pub. Date | Image URL |
|---|---|---|
| Voronia | 5/31/2014 | https://www.facebook.com/550833495020774/photos/a.550833831687407.1073741825.550833495020774/5508338354073/?type=3&theater |
| Gray | 12/15/2016 | https://www.facebook.com/550833495020774/photos/a.558731927564264.1073741829.550833495020774/1027610924009693/?type=3&theater |

15.    Defendants' uses of Plaintiffs' images and likenesses was for Defendants' commercial benefit, and falsely suggest Plaintiffs' respective sponsorship, affiliation, and participation in the Defendants' business.

16.    Defendants never sought or obtained permission for any use of any of Plaintiffs' images.

17.     None of the Plaintiffs have ever agreed, nor would they have agreed, to any use by Defendants of their respective images or likenesses to promote Defendants' respective business.

18.     Defendants have never paid any of the Plaintiffs for their unauthorized uses of Plaintiffs' respective images or likenesses.

19.     Defendants' unauthorized uses of Plaintiffs' respective images and likenesses is knowing, willful, and intentional.

## PLAINTIFFS' ALLEGATIONS

20.     Plaintiffs re-state and re-allege paragraphs 1-19 above, and incorporate the same by reference as though fully set forth herein.

### Plaintiff Tiffany Toth Gray

21.     Plaintiff Gray is a professional model.

22.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Gray negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

23.     Defendants have never hired or contracted with Plaintiff Gray to advertise, promote, market or endorse their business.

24.     In the images used by Defendants to promote their business and advertise upcoming events, Plaintiff Gray is readily identifiable in that any person

5

seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Gray.

25.     Defendants' appropriation of the images of Plaintiff Gray were for the purpose of advertising or soliciting patronage of Defendants' establishment.

26.     Defendants have never sought Plaintiff Gray's permission, nor did Plaintiff Gray give Defendants permission to use the images to advertise and promote their club.

27.     Defendants have never compensated Plaintiff Gray for any use of her likeness or image.

28.     Defendants have actual knowledge that they were using Plaintiff Gray's image without necessary compensation or consent. Accordingly, Defendants knowingly misappropriated Plaintiff Gray's image and identity in total disregard of Plaintiff's rights.

29.     Defendants derived a direct commercial benefit from their unauthorized use of Plaintiff Gray's image and likeness.

30.     As a direct and proximate result of Defendants' unauthorized uses of Plaintiff Gray's image and likeness Defendants made profits or gross revenues in an amount to be established at trial.

31.     Plaintiff Gray has further been damaged as a direct and proximate result of Defendants' unauthorized use of her images, as she has lost her exclusive

right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

## Plaintiff Irina Voronina

32.    Plaintiff Voronina is a professional model.

33.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Voronina negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

34.    Defendants have never hired or contracted with Plaintiff Voronina to advertise, promote, market or endorse their business.

35.    In the images used by Defendants to promote their business and advertise upcoming events, Plaintiff Voronina is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Voronina.

36.    Defendants' appropriation of the images of Plaintiff Voronina were for the purpose of advertising or soliciting patronage of Defendants' establishment.

37.    Defendants have never sought Plaintiff Voronina's permission, nor did Plaintiff Voronina give Defendants permission to use the images to advertise and promote their club.

38.     Defendants have never compensated Plaintiff Voronina for any use of her likeness or image.

39.     Defendants have actual knowledge that they were using Plaintiff Voronina's image without necessary compensation or consent. Accordingly, Defendants knowingly misappropriated Plaintiff Voronina's image and identity in total disregard of Plaintiff's rights.

40.     Defendants derived a direct commercial benefit from their unauthorized use of Plaintiff Voronina's image and likeness.

41.     As a direct and proximate result of Defendants' unauthorized uses of Plaintiff Voronina's image and likeness, Defendants made profits or gross revenues in an amount to be established at trial.

42.     Plaintiff Voronina has further been damaged as a direct and proximate result of Defendants' unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

## COUNT I
### Misappropriation of Likeness

43.     Plaintiffs re-state and re-allege paragraphs 1 through 42 above, and incorporate the same by reference as though fully set forth herein.

44.     Plaintiffs have a right to control the commercial use of their names, images, and likenesses. Under New Jersey law, the unauthorized use of a person's image or likeness for a predominately commercial purpose is unlawful.

45.     Defendants' uses of Plaintiffs' images and likenesses to advertise their business constitute a use for commercial purposes.

46.     Defendants' uses of Plaintiffs' photographs and likenesses did not occur in connection with the dissemination of news or information and was without a redeeming public interest or historical value.

47.     Defendants never obtained Plaintiffs' consent for the use of their images and likenesses.

48.     Defendants' use of each Plaintiffs' photographs and likenesses was willful and deliberate.

49.     As a direct and proximate result of Defendants' scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendants' strip clubs, Defendants enjoyed increased revenues and profits.

50.     As a further direct and proximate result of Defendants' deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

## COUNT II
### Unfair Competition / False Endorsement
### Lanham Act, 15 U.S.C. §1125(a)

51.     Plaintiffs re-state and re-allege paragraphs 1 through 50 above, and incorporate the same by reference as though fully set forth herein.

52.     Plaintiffs, through their careers in modeling, advertising, and acting, have all attained significant fame and celebrity.

53.     Each Plaintiff enjoys a substantial social media following and has appeared in publications, television, and/or movies as described above.

54.     Each Plaintiff earns her living by commercializing her identity for use by reputable brands and services through arms-length negotiated transactions.

55.     Each Plaintiff possesses a valid and protectable mark in the form of her persona, image, likeness, and identity.

56.     Each Plaintiff has, and at all times mentioned herein, possessed, maintained, and safeguarded her exclusive right to control the use of her persona, image, likeness, and identity.

57.     Prior to authorizing the use of her image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

58.     Without consent, Defendants placed Plaintiffs' respective images and likeness on advertisements promoting their strip club business.

59.    In Defendants' advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are clearly depicted and readily identifiable.

60.    Plaintiffs and the Defendants are all in the entertainment industry and use similar marketing channels, including social media.

61.    Defendants misappropriated Plaintiffs' respective images and likenesses in order to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, or otherwise participate in Defendants' strip club business.

62.    Defendants never sought any Plaintiff's consent to use any image or likeness.

63.    Plaintiffs never participated in, affiliated with, or endorsed Defendants' strip club business.

64.    Plaintiffs would not agree to allow their image or likeness to be used to promote Defendants' strip club business.

65.    Defendants, at all times mentioned herein, knew that it had no right to use Plaintiffs' images or likenesses to promote its strip club business.

66.    Plaintiffs, through their careers in modelling and acting, are well known among the customer base, which Defendants sought to reach with its advertisements.

67.     Indeed, Defendants chose Plaintiffs precisely because of their level of recognition among the demographic of consumers Defendants targets with its advertisements.

68.     Defendants clearly intended to create the false impression that Plaintiffs performed at or otherwise endorsed Defendants' business.

69.     Defendants placed the misappropriated images on the very same marketing channels (i.e. Facebook, Instagram, and Twitter) used by Plaintiffs to promote themselves.

70.     Defendants' misappropriation of Plaintiffs' respective images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, and/or participation in Defendants' strip club business.

71.     Upon information and belief, Defendants' misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, and participation in Defendants' strip club business.

72.     Defendants knew or should have known that, given Plaintiffs' careers as professional models, obtaining the right to use their images and likenesses would have required consent and compensation.

73.     Defendants' repeated and brazen unauthorized uses of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and deliberate conduct.

12

74.     As a direct and proximate result of Defendants' scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendants' strip clubs, Defendants enjoyed increased revenues and profits.

75.     As a further direct and proximate result of Defendants' deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

## COUNT III
### Unfair Competition / False Endorsement
### N.J.S.A. 56:4-1, et seq.

76.     Plaintiffs re-state and re-allege paragraphs 1 through 805 above, and incorporate the same by reference as though fully set forth herein.

77.     The aforesaid acts of Defendants' unauthorized uses of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendants' business constitutes unfair competition under N.J.S.A. 56:4-1.

78.     As a direct and proximate result of Defendants' schemes to create the false impression that Plaintiffs were affiliated with and/or performed at Defendants' strip clubs, Defendants all enjoyed increased revenues and profits.

79.     As a further direct and proximate result of Defendants' deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

80.     Defendants' wrongful and deliberate conduct has caused significant damage to Plaintiffs, both directly and indirectly, and Plaintiffs respectfully request treble damages as authorized by N.J.S.A. 56:4-2.

## COUNT IV
### Common Law Unfair Competition

81.     Plaintiffs re-state and re-allege paragraphs 1 through 80 above, and incorporate the same by reference as though fully set forth herein.

82.     The aforesaid acts of Defendants' unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendants' business constitutes unfair competition under the common law of New Jersey.

83.     As a direct and proximate result of Defendants' scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendants' strip clubs, Defendants enjoyed increased revenues and profits.

84.     As a further direct and proximate result of Defendants' deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant as follows:

1.     For actual, consequential, and incidental damages in an amount to be proven at trial;

14

2.      For the amount due, owing and unpaid to Plaintiffs representing the fair market value of their services;

3.      For trebling of damages;

4.      For punitive damages in an amount to be proven at trial;

5.      For prejudgment interest in an amount proscribed by law;

6.      For disgorgement of Defendant's profits;

7.      For costs of this lawsuit including reasonable attorney's fees; and

8.      For such other and further relief as to this court seem just, proper and equitable.

## JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues in the above matter.

PINILISHALPERN, LLP
160 Morris Street
Morristown, New Jersey 07960
Telephone: (973) 401-1111
Facsimile: (973) 401-1114

Date: June 12, 2020

William J. Pinilis
wpinilis@consumerfraudlawyer.com