Darren M. Pfeil, Esq.
New Jersey Attorney ID: 154202015
Shamy, Shipers & Lonski, P.C.
334 Milltown Road
East Brunswick, New Jersey 08816
Telephone: (732) 210-4404
Email: dpfeil@ssandl.com
*Attorneys for Defendant 1640 Lakewood Road Associates, Inc. t/a Delilah's Den*

**UNITED STATES DISTRICT COURT FOR
THE
DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

| | | |
|---|---|---|
| Tiffany Toth Gray and Irina Voronina, | : | Civil Case No. 2:20-cv-07199 |
| Plaintiffs, | : | Hon. Edward S. Kiel, U.S.M.J. |
| v. | : | |
| 1640 Lakewood Road Associates, Inc. t/a Delilah's Den | : | **Civil Action** |
| Defendant. | : | |

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**JOINT PROPOSED DISCOVERY PLAN**

1. Set forth the name of each attorney appearing, the firm name, address, and telephone number and facsimile number of each, designating the party represented.

   Darren M. Pfeil, Esq.
   New Jersey Attorney ID: 154202015
   Shamy, Shipers & Lonski, P.C.
   334 Milltown Road
   East Brunswick, New Jersey 08816
   Telephone: (732) 210-4404
   Fax: (732) 210-4443 (NOTE THAT FAX IS NOT ACTIVELY MONITORED DUE TO THE COVID-19 PANDEMIC)
   Email: dpfeil@ssandl.com
   *Attorneys for Defendant 1640 Lakewood Road Associates, Inc. t/a Delilah's Den*

William J. Pinilis, Esq.
New Jersey Attorney ID: 024721992
PinilisHalpern, LLP
160 Morris Street
Morristown, New Jersey 07960
Telephone: (973) 401-1111
Fax: (973) 401-1114
Email: wpinilis@consumerfraudlawyer.com
*Attorneys for Plaintiffs, Tiffany Toth Gray and Irina Voronina*

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   Plaintiffs' Response: Defendants misappropriated and misused photographic images of the Plaintiffs to promote their respective commercial interests in operating adult nightclubs.

   Defendant's Response: Plaintiff's are two self-described "models" who had been photographed by unidentified individuals and/or entities. As a result of the unidentified photoshoot, there exists a photo of each of them, which collectively are at issue in the instant matter. Plaintiffs have failed to assert ownership, provide a Certificate of Copyright Registration, and properly identify the two photos in question. Plaintiff claims that these two unidentified photos were used in Defendant's advertising. Plaintiffs have unsuccessfully attempt to state causes of action under New Jersey law and under the Lanham Act to circumvent the requirements of the Copyright Act and to evade informing this Court that they likely do not have ownership of the two photos in question. Plaintiffs fail to state a claim under the Lanham Act for the reasons set forth in Defendant's Motion to Dismiss brief (ECF 5-1), which results in the Court not having subject matter jurisdiction over the supplemental state law causes of action. Notwithstanding the lack of subject matter jurisdiction, Plaintiffs further fail to state a claim as to the state law causes of action for the reasons outlined in Defendant's Motion to Dismiss brief (ECF 5-1) and Defendant's Motion to Dismiss reply brief (ECF 7). No Answer has been filed by Defendant as there is an outstanding Motion to Dismiss to be decided that was filed in lieu of Answer.

3. Have settlement discussions taken place? YES.
   (a) What was Plaintiff's last demand? NO DEMAND WAS GIVEN BY EITHER PLAINTIFF.
   (b) What was Defendant's last offer? $5,000 FOR GRAY'S CLAIM CONTINGENT UPON REVIEW OF THE ALLEGED INFRINGING IMAGE IN QUESTION. DESPITE DEMAND, PLAINTIFF'S COUNSEL HAS REFUSED TO PROVIDE THE IMAGE IN QUESTION FOR GRAY.

4. The parties have met pursuant to Fed. R. Civ. P. 26(f).
5. Have the parties exchanged information required by Fed. R. Civ. P. 26(a)(1)?

Plaintiffs' Response:  Plaintiffs have provided initial disclosures.

Defendant's Response: Defendant has provided initial disclosures in this matter prior to severance (see ECF 42 under Case Number: 2:18-cv-17725-MCA-LDW). Defendant has requested the two images in question from Plaintiffs, yet same have not been produced.

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

   Plaintiffs' Response: None.

   Defendant's Response: See response to #5. Further, Plaintiffs have failed to state the address and telephone number of each individual likely to have discoverable information such as information for the photographers, photography companies, rights management companies, etc.; Plaintiffs have failed to provide a copy of the images in question; Plaintiffs have failed to list documents, ESI, and tangible things in their possession relevant to the matter, such as any Work for Hire Agreements, Copyright Certificate of Registrations, Assignments, Photography Agreements and Releases, etc.; and Plaintiffs have failed to provide a computation of each category of damages. Plaintiffs are also in default in responding to Defendant's Interrogatories and Requests for Production of Documents served by Defendant on Plaintiffs on August 24, 2020.

7. Have the parties conducted discovery other than the above disclosures? If so, describe.

   Plaintiffs' Response: No.

   Defendant's Response: Plaintiff has not served any discovery requests. Defendant has served Interrogatories on Plaintiff Gray, Interrogatories on Plaintiff Voronina, Requests for Production of Documents on Plaintiff Gray, and Requests for Production of Documents on Plaintiff Voronina on August 24, 2020. To date, no certified responses have been provided. Defendant intends on raising this at the Case Management Conference before Your Honor prior to filing a formal Motion to Compel and for Sanctions.

8. Proposed joint discovery plan:
   (a) Discovery is needed on the following subjects:

   Plaintiffs' Response: Liability and Damages.

   Defendant's Response: Ownership of rights, celebrity, and damages, subject to modification as continued discovery may reveal.

(b) Discovery should not be conducted in phases.

(c) Proposed scheduled:

    (1) Fed. R. Civ. P. 26 Disclosures:

    Plaintiffs' Response: Plaintiffs have served disclosures. Defendant has not provided disclosures in this matter. As stated above, Defendant provided disclosures under Case Number 2:18-cv-17725-MCA-ESK.

    Defendant's Response: Defendant has completed. Plaintiff must provide same consistent with #6 above by January 22, 2021.

    (2) E-Discovery conference pursuant to L.Civ.R.26.1(d)

    Plaintiff's Response:

    Defendant's Response: E-Discovery concerns recited in L.Civ.R.26.1(d) will likely not be implicated. The parties will meet and confer in good faith to resolve any E-Discovery issues should any occur during discovery.

    (3) Service of initial written discovery:

    Plaintiffs' Response: January 29, 2021.

    Defendant's Response: January 29, 2021. (Note Defendant has served written discovery on August 24, 2020 to which Plaintiffs have failed to respond).

    (4) Maximum of 25 Interrogatories by each party to each other party.

    (5) Maximum of 10 depositions to be taken by each party.

    (6) Motions to amend or to add parties to be filed by August 31, 2021.

    (7) Factual discovery to be completed by November 30, 2021.

    (8) Plaintiffs' expert report due on December 31, 2021.

    (9) Defendant's expert report due on January 31, 2022.

    (10)    Expert depositions to be completed by February 28, 2022.

      (11)      Dispositive motion to be served within 60 days of completion of discovery.

  (d) Set forth any special discovery mechanism or procedure requested.

      Plaintiffs' Response:

      Defendant's Response: Depositions to be stayed until decision on Defendant's Motion to Dismiss.

  (e) A pretrial conference may take place on June 24, 2022.

  (f) Jury trial date: July 18, 2022.

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? If so, please explain.

    Plaintiffs' Response: No.

    Defendant's Response: Plaintiffs are not located in the forum. Videoconference depositions will be employed through Zoom, Google Meet, or equivalent platform.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

    Plaintiffs' Response: No.

    Defendant's Response: No issues anticipated.

11. Do you anticipate the entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

    Plaintiffs' Response: No.

    Defendant's Response: No.

12. Do you anticipate any discovery problem(s) not listed above? Describe.

    Plaintiffs' Response: Plaintiffs believe that the above schedule for discovery is too extended. Plaintiffs request that the Court fashion a more abbreviated discovery schedule.

    Defendant's Response: No.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

    Plaintiffs' Response:

    Defendant's Response: Defendant is willing to engage in mediation after the decision on its Motion to Dismiss and after Plaintiffs provide the images in question, comply with their Rule 26 disclosures, and provide adequate certified responses to Defendant's discovery demands served nearly four months ago.

14. Is this case appropriate for bifurcation?

    Plaintiffs' Response: No.

    Defendant's Response: No.

15. An interim settlement conference (with clients in attendance), should be held in June 2021.

16. We do not consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    Plaintiffs' Response:

Defendant's Response: Permission for Defendant to file a Motion to Compel and for Sanctions, as Plaintiffs have not provided certified responses to written discovery served by Defendant on August 24, 2020.

| | |
|---|---|
| */s/William J. Pinilis* | _____ |
| William Pinilis, Esq. | Darren M. Pfeil, Esq. |
| Attorney for Plaintiffs | Attorney for Defendant |
| Dated: December 16, 2020 | Dated: December 15, 2020 |